# King & Spalding

King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006

Tel: +1 202 737 0500
Fax: +1 202 626 3737
kslaw.com

Jeffrey S. Bucholtz
Direct Dial: +1 202 626 2907
jbucholtz@kslaw.com

May 8, 2025

**VIA CM/ECF**

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

> **Re:** ***Custodia Bank v. Federal Reserve Board of Governors et al.***,
> **No. 24-8024 (argued Jan. 21, 2025)**

Dear Mr. Wolpert,

Appellee Federal Reserve Bank of Kansas City ("FRBKC") respectfully submits this response to the Rule 28(j) letter filed by appellant Custodia Bank ("Custodia") on May 6.

Custodia's supplemental "authorities" are irrelevant to the sole legal theory that underlies all of its claims at issue in this appeal, namely, that every depository institution has an absolute entitlement to a Reserve Bank master account and services. Whether the banking agencies provide or rescind guidance concerning risks of cryptocurrency or the OCC permits supervised banks to engage in crypto-related activities without prior notification is irrelevant to the only question of law presented by Custodia's appeal. Indeed, if, as Custodia urges, *all* depository institutions are absolutely entitled to a master account and services irrespective of risk, then any crypto-related guidance from banking authorities is beside the point.

Custodia's letter claims that these changes to guidance show "that granting Custodia … a master account will not introduce unmanageable risk to the federal

May 8, 2025
Page 2

payment system." But this appeal does not present that question. Instead, Custodia decided to limit its lawsuit to an absolute-entitlement theory and not to challenge FRBKC's denial on the merits. FRBKC carefully reviewed Custodia's account request and denied it for numerous reasons, several of which did not relate to Custodia's planned crypto-related activities. *See* J.A. Vol. 9 at 1949–55. Rather than challenge FRBKC's risk-based analysis, Custodia contends it is entitled to an account regardless of any such concerns. FRBKC Br. 1–3, 58.

In short, the developments mentioned in Custodia's letter are not pertinent to its appeal.

Respectfully submitted,

*/s/ Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz

*Counsel for Defendant-Appellee*
*Federal Reserve Bank of Kansas City*

Cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the length limitations set forth in Fed. R. App. P. 28(j) because it contains 255 words, as counted by Microsoft Word, excluding the items that may be excluded.

*/s/Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz

*Counsel for Defendant-Appellee*
*Federal Reserve Bank of Kansas City*