UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 24-8024 |
|---|---|
| Case Name | Custodia Bank, Inc. v. Federal Reserve Board of Governors, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Custodia Bank, Inc. |
| Appellee(s) or Respondent(s) | Federal Reserve Board of Governors and Federal Reserve Bank of Kansas City |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.     APPEAL FROM DISTRICT COURT**

    **1.**     Date final judgment or order to be reviewed was **entered** on the district court docket: March 29, 2024

    **2.**     Date notice of appeal was **filed**: April 26, 2024

    **3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): May 28, 2024 per Fed. R. App. P. 4.1(a)(1)(B).

        **a.**     Was the United States or an officer or an agency of the United States a party below?  Yes

        **b.**     Was a motion filed for an extension of time to file the

notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when? N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? N/A

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? N/A

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C. APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.** Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    **B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.** Describe the sentence imposed. _____

    **D.** Was the sentence imposed after a plea of guilty? _____

    **E.** If the answer to D (immediately above) is yes, did the plea agreement

        include a waiver of appeal and/or collateral challenges?_____

**F.**    Is the defendant on probation or at liberty pending appeal? _____

**G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____


**NOTE:**    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

More than three years ago, Wyoming-based Custodia Bank, Inc. applied for a master account with the Federal Reserve Bank of Kansas City ("FRBKC"). A master account is, "put simply, a bank account for banks" that "gives depository institutions access to the Federal Reserve System's services, including its electronic payments system," *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052, 1053 (10th Cir. 2017), and master account decisions are typically made in a matter of days. Custodia initiated this case after Defendants neglected to act on Custodia's application for 19 months. During litigation, Custodia's application was eventually denied.

Custodia sued in June 2022, asserting claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Mandamus Act, the Due Process Clause, Separation of Powers, the Appointments Clause, and the Declaratory Judgment Act. Both Defendants filed motions to dismiss, which were granted in part and denied in part. Custodia subsequently filed its First Amended Complaint, which set forth three claims: (i) violation of the APA, 5 U.S.C. § 706(2), arising from the unlawful denial of the master account application against the Federal Reserve Board of Governors ("the Board"); (ii) a statutory mandamus claim against both Defendants; and (iii) a declaratory judgment claim against both Defendants. Defendants filed renewed motions to dismiss. FRBKC's motion was denied, while the Board's motion was granted in part (as to the statutory mandamus claim against the Board) and denied in part (as to all other claims).

Custodia filed a Petition for Review on its APA claim and a motion for judgment as a matter of law on its statutory mandamus claim. FRBKC filed a cross-motion for summary judgment asserting Custodia is not entitled to a writ of mandamus because the law does not require it to grant a master account. The District Court for the District of Wyoming denied Custodia's Petition for Review on its APA claim and entered judgment for FRBKC on the mandamus claim. It further dismissed Custodia's APA claim against the Board without prejudice for lack of jurisdiction and Custodia's declaratory judgment claim with prejudice.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the district court erred in granting motions to dismiss as to Custodia's Separation of Powers (Nondelegable Doctrine), Due Process, and Appointments Clause claims and request for mandamus relief.

Whether the district court erred in denying Custodia's Petition for Review on its APA claim and its Motion for Judgment as a Matter of Law on its Statutory Mandamus Claim.

Whether the district court erred in entering Judgment as a Matter of Law in FRBKC's favor on Custodia's statutory mandamus claim.

Whether the district court erred in dismissing Custodia's Declaratory Judgment Act claim.

**V. ATTORNEY FILING DOCKETING STATEMENT:**

Name: Michelle S. Kallen          Telephone: 202-639-6000

Firm: Jenner & Block LLP

Email Address: MKallen@jenner.com

Address: 1099 New York Ave. NW, Suite 900, Washington DC 20001

**DATED** this 10th day of May 2024.

/s/ *Michelle S. Kallen*
Michelle S. Kallen
Ian H. Gershengorn
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
Fax: (202) 629-6066
Em: MKallen@jenner.com
Em: IGershengorn@jenner.com

Scott E. Ortiz, WSB No. 5-2520

WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700
Casper, WY 82602
Tel: (307) 265-0700
Fax: (307) 266-2306
Em: sortiz@wpdn.net

*Attorneys for Appellant Custodia Bank*

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that the privacy redaction requirements of 10th Cir. R. 25.5 have been complied with. I further certify that the foregoing digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, System Center Endpoint Protection through ProCirrus technologies, and according to that program, this submission is free from viruses.

/s/ *Michelle S. Kallen*
Michelle S. Kallen

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on May 10th, 2024 via ECF to:

| | |
|---|---|
| Mark Van Der Weide<br>Joshua P. Chadwick<br>Yvonne F. Mizusawa<br>Yonatan Gelblum<br>Katherine Pomeroy<br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM<br>20th Street and Constitutional Avenue, N.W.<br>Washington, DC 20551 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Billie L.M. Addleman<br>John P. Fritz<br>Erin E. Berry<br>HIRST APPLEGATE, LLP<br>P.O. Box 1083<br>Cheyenne, Wyoming 82003 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Andrew Michaelson<br>Laura Harris<br>KING & SPALDING, LLC<br>1185 Avenue of the Americas, 34th Floor<br>New York, New York 10036 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Jeffrey S. Bucholtz<br>Joshua N. Mitchell<br>Christine M. Carletta<br>Emily Caroline Snell Freeman<br>KING & SPALDING, LLP<br>1700 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |

| | |
|---|---|
| Angela Tarasi<br>Jared M. Lax<br>KING & SPALDING, LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, Colorado 80202 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |

/s/ *Michelle S. Kallen*
Michelle S. Kallen