# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| Custodia Bank, Inc., <br><br> Appellant, <br><br> v. <br><br> Federal Reserve Board of Governors, *et al.*, <br><br> Appellees. | Appeal No. 24-8024 |

## APPELLANT CUSTODIA BANK, INC'S UNOPPOSED MOTION FOR LEAVE TO FILE JOINT APPENDIX VOLUMES VIII, IX, & X UNDER SEAL

Appellant Custodia Bank, Inc. ("Custodia") respectfully moves for leave to file under seal Volumes VIII, IX, & X of Appellant's Joint Appendix pursuant to Tenth Circuit Rules 30.1(D)(7) and 25.6(A). The appendix includes numerous record items from the district court which were subject to a protective order requiring confidential treatment of designated information. *See* Stipulated Protective Order, ECF No. 174, attached as Exhibit 1. As a result, some materials were filed on a non-public basis, because they contained Custodia's confidential business information and/or trade secrets. To ensure public access to the judicial

record, Custodia seeks leave to file a public redacted version of the appendix, and to file under seal an unredacted copy of the appendix.

Custodia has conferred with counsel for the Appellees, and Appellees have indicated that they do not expect to oppose this motion.

"Courts have discretion whether to seal or otherwise withhold judicial records from the public." *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023). And "confidential business records are examples of the types of private information this court has allowed to be sealed." *Id.*; *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162, n.8 (10th Cir. 2016) ("While the public generally has a right to access documents in the court's record, a party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Sorenson Commc'ns, Inc. v. FCC*, 659 F.3d 1035, 1041 n.4 (10th Cir. 2011) (making permanent provisionally sealed briefs and portion of joint appendix when "materials were filed under seal to protect confidential information relating to [company's] finances and business practices").

Because Custodia will also file a redacted version of the appendix, there should be no significant impact on public access arising from permitting Custodia to also file an unredacted version of the appendix under seal. Moreover, Custodia only intends to redact information which was already filed as non-public before the district court. *See Luo*, 71 F.4th at 1304 ("Although 'this court is not bound by a district court's decision to seal a document,' 10th Cir. R. 25.6(A)(4), we are persuaded by the district court's reasoning in doing so."). Here, the interest in preserving and protecting Custodia's confidential business information and trade secrets "unnecessary to the determination of the parties' substantive rights" outweighs the public interest in reviewing judicial documents. *Deherrera*, 820 F.3d at 1162 n.8.

Appellant Custodia Bank, Inc. respectfully requests the Court grant its motion for leave to file under seal Volumes VIII, IX, & X of Appellant's Joint Appendix.

Dated this 26th day of June, 2024.

/s/ Michelle S. Kallen
Michelle S. Kallen
Ian Heath Gershengorn
Laurel L. Rimon
Emanuel Powell III
Maria LaBella
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Tel: (202) 639-6000
MKallen@jenner.com
IGershengom@jenner.com
LRimon@jenner.com
EPowell@jenner.com
MLaBella@jenner.com

Scott E. Ortiz, WSB No. 5-2520
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 N. Wolcott, Ste. 400
P.O. Box 10700
Casper, WY 82602
Tel: (307) 265-0700
sortiz@wpdn.net

Ryan Scarborough
Jamie Wolfe
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW,
Washington, DC 20024
Telephone: 202-434-5173
rscarborough@wc.com
jwolfe@wc.com

*Attorneys for Appellant Custodia Bank, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Tenth Circuit by suing the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Michelle S. Kallen
Michelle S. Kallen