CASE NO. 24-8024

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

CUSTODIA BANK, INC., )
)
    Appellant, )
)
v. )
)
FEDERAL RESERVE BOARD )
OF GOVERNORS et al., )
)
    Appellees )

On Appeal from the United States District Court
for the District of Wyoming
The Honorable Judge Scott W. Skavdahl
District Court No. 1:22-CV-00125-SWS
Oral Argument is Not Requested

**STATE OF WYOMING'S AMICUS BRIEF
FILED PURSUANT TO FED. R. APP. P. 29(a)(2)**

Bridget Hill, Attorney General
Devin Kenney, Senior Assistant Attorney General
Karl Anderson, Supervising Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841
bridget.hill@wyo.gov
karl.anderson@wyo.gov
devin.kenney1@wyo.gov

*Attorneys for the State of Wyoming*

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES ............................................................. ii

RULE 29(a)(4)(D) STATEMENT .......................................................................... 1

ARGUMENT ............................................................................................................ 1

    I.    The State has a robust system for chartering and regulating Special Purpose Depositiory Institutions (SPDISs) and its regulations offer enhanced customer protections ................................ 1

        A. Wyoming has an extensive process for chartering, examining, and engaging in the ongoing supervision of SPDIs, including Appellant Custodia ............................................................................. 1

        B. Wyoming's SPDI bank regulations offer enhanced customer protections .................................................................................... 3

    II.   The State, as the administrator of Wyoming's SPDI statutes and regulatory regime, takes issue with the District Court's characterization of Wyoming's statutes and rules, as embodied in District Court's Order below ............................................................ 6

CONCLUSION ........................................................................................................ 9

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT ................... 10

CERTIFICATE OF SERVICE .............................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*First Nat. Bank in Plant City v. Dickinson*,
  396 U.S. 122 (1969) ............................................................................... 7

*State of Colo. ex rel. Colo. State Banking Bd. v. Resolution Trust Corp.*,
  926 F.2d 931 (10th Cir. 1991) ................................................................ 7

*State of Colo. ex rel. State Banking Bd. v. First Nat. Bank of Fort Collins*,
  540 F.2d 497 (10th Cir. 1976) ................................................................ 7

**Statutes**

12 U.S.C. § 248 ............................................................................................. 7

12 U.S.C. § 461 ............................................................................................. 7

Wyo. Stat. Ann. § 9-1-603 ............................................................................ 1

Wyo. Stat. Ann. § 13-12-103 ........................................................................ 3

Wyo. Stat. Ann. § 13-12-105 ..................................................................... 3, 6

Wyo. Stat. Ann. § 13-12-106 ........................................................................ 4

Wyo. Stat. Ann. § 13-12-108 ........................................................................ 4

Wyo. Stat. Ann. § 13-12-111 ........................................................................ 1

Wyo. Stat. Ann. § 13-12-114 ........................................................................ 2

Wyo. Stat. Ann. § 13-12-115 ........................................................................ 2

Wyo. Stat. Ann. § 13-12-119 ........................................................................ 2

Wyo. Stat. Ann. § 34-29-103 ........................................................................ 5

Wyo. Stat. Ann. § 34-29-104 ..................................................................... 2, 5

**Rules**

Fed. R. App. P. 29 ...................................................................................................... 1

Rules, Wyo. Div. of Banking, ch. 19 § 3 ................................................................ 2

Rules, Wyo. Div. of Banking, ch. 19 § 4 ............................................................ 4, 5

Rules, Wyo. Div. of Banking, ch. 19 § 8 ................................................................ 3

Rules, Wyo. Div. of Banking, ch. 20 § 6 ................................................................ 5

Rules, Wyo. Div. of Banking, ch. 20 § 9 ............................................................ 3, 7

Rules, Wyo. Div. of Banking, ch. 20 § 12 .............................................................. 2

**Regulations**

12 C.F.R. § 249.20 ................................................................................................... 3

# RULE 29(a)(4)(D) STATEMENT

*Amicus* State of Wyoming is the state that created the Special Purpose Depository Institution (SPDI) bank charter, granted such a bank charter to Appellant Custodia Bank, Inc. (Custodia), and oversees SPDIs such as Custodia. The State's primary interest in this matter is simple: to resolve the indefinite timeline and opaque process for SPDIs to receive decisions from the Appellees on master account applications. As a state, Wyoming is entitled to "file an amicus brief without the consent of the parties or leave of the court." Fed. R. App. P. 29(a)(2). Wyoming Statute § 9-1-603(a)(iv) authorizes the Wyoming Attorney General to file this *amicus* brief. That statute provides that she may "[r]epresent the state in suits, actions or claims in which the state is interested in . . . any United States court[.]" Wyo. Stat. Ann. § 9-1-603(a)(iv).

# ARGUMENT

**I. The State has a robust system for chartering and regulating Special Purpose Depository Institutions (SPDIs) and its regulations offer enhanced customer protections.**

    **A. Wyoming has an extensive process for chartering, examining, and engaging in the ongoing supervision of SPDIs, including Appellant Custodia.**

The State imposes extensive requirements for a corporation to receive a SPDI bank charter, including the requirement to provide a detailed application, business plan, and other information on topics such as operating expenses, compliance with Wyoming law, capital, corporate formation, and more. Wyo. Stat. Ann. § 13-12-111.

1

The Wyoming Division of Banking investigates the application with a focus on the SPDI's incorporators, officers and directors, business plan, capital, projected earnings, products and services, compliance, and information technology. Wyo. Stat. Ann. § 13-12-114(a). The Division of Banking's findings are submitted to the Wyoming Banking Board to hold a hearing and make findings. Wyo. Stat. Ann. §§ 13-12-114(b); 13-12-115(a)(i)-(vii). If the Wyoming Banking Board makes favorable findings on all the listed criteria, the Wyoming Banking Board approves the charter application. *Id.* § 13-12-115(b).

SPDIs are also subject to a full-scope examination annually during the first three years and periodic examinations and visitations thereafter as necessary. Wyo. Stat. Ann. § 13-12-119(c); Wyo. Dep't of Audit, Div. of Banking Rules (Banking Rules), Ch. 20 § 12(c). This ongoing supervision requires SPDIs to regularly submit information to the Division, including quarterly call reports with the Division. Wyo. Stat. Ann. § 13-12-119(a); Banking Rules, Ch. 20 § 12(b).

The Division expects any SPDI seeking to engage in digital asset custody to first provide sixty days written notice describing the proposed custodial services, verifying its compliance with applicable law, and stating the reasons why the proposed custodial services will not impair safety and soundness of the SPDI. Wyo. Stat. Ann. § 34-29-104(a); Banking Rules, Ch. 19 § 3(a), (b)(i)-(iv). A SPDI must also provide verification that digital assets under custody carry appropriate insurance

2

or other financial protections to cover or mitigate potential loss exposure. Banking Rules, Ch. 19 § 8(o). Finally, SPDIs must obtain prior written approval from the Wyoming Banking Commissioner for any new activity that is usual or incidental to the business of banking, including activities related to digital assets. Wyo. Stat. Ann. § 13-12-103(b)(vii).

The State has established a detailed and extensive process that ensures the SPDI banks are well-regulated with built-in oversight processes.

### B. Wyoming's SPDI bank regulations offer enhanced customer protections.

The State offers protections for SPDI customers not typically available in other jurisdictions, including enhanced protections related to their fiat currency deposits and digital assets in custody. As to customer deposits, a SPDI must maintain unencumbered liquid assets at not less than 100% of its customer deposits. Wyo. Stat. Ann. § 13-12-105(a). Thus, a SPDI is a fully reserved bank that cannot use customer deposits to make loans or invest beyond high-quality liquid assets. Wyo. Stat. Ann. §§ 13-12-103(c), 13-12-105(b)(i)-(iii) (defining "liquid assets" as United States currency or highly liquid assets); Banking Rules, Ch. 20 § 9 (b) (requiring SPDI investments to be level 1 high-quality liquid assets, as defined in 12 C.F.R. § 249.20, as of October 1, 2020, unless otherwise approved by the Commissioner). After the first three years of operation, a SPDI must also maintain a 2% contingency

account, meaning it must maintain unencumbered liquid assets at not less than 102% of its customer deposits. Wyo. Stat. Ann. § 13-12-106(a).

SPDIs are fully reserved banks that **do not make loans** and **must maintain at least 100% backing of customer deposits** in high-quality liquid assets. A SPDI is **not** a fractional-reserve bank in which, particularly absent FDIC insurance, a bank run might quickly escalate and overwhelm the small fraction of deposited funds on-hand for customer withdrawals. Instead, the SPDI must fully-back its depository liabilities. Nevertheless, a SPDI without insurance from the FDIC must:

(1) Display on its website and any place where it accepts deposits a sign conspicuously stating that deposits are not insured by the federal deposit insurance corporation. Wyo. Stat. Ann. § 13-12-108(a);

(2) Require that each depositor, upon opening an account, execute a statement acknowledging that all deposits at the special purpose depository institution are not insured by the federal deposit insurance corporation. *Id.* § 13-12-108(b); and

(3) Include in all advertising a disclosure that deposits are not insured by the federal deposit insurance corporation. *Id.* § 13-12-108(c).

Multiple enhanced protections exist for customers who allow a SPDI to take custody of their digital assets. SPDIs are subject to examination and ongoing supervision for compliance with Wyoming's laws and regulations related to digital assets and customer protection. *See supra* Section I.A. SPDIs must generally undertake transactions with customer digital assets based on distinct, written authorizations from the customer. Banking Rules, Ch. 19 § 4(d). SPDIs must also

provide clear written notices to customers regarding, among other things, the heightened risk of loss from digital asset transactions. *Id.* § 5(c)(i). Unlike most jurisdictions, Wyoming law also defines perfection and priority of security interests in digital assets. *See* Wyo. Stat. Ann. § 34-29-103. In the event of a receivership, Wyoming law provides significant customer protections when SPDIs hold digital assets. For example:

- A customer's digital assets are not assets of the bank. Wyo. Stat. Ann. § 34-29-104(d);

- A customer's digital assets can be held under a bailment. Wyo. Stat. Ann. § 34-29-104(d)(i), Banking Rules, Ch. 19, § 4(c)(i);

- A customer's digital assets are not a source of unrelated claims of creditors, provided basic requirements are met. Banking Rules, Ch. 20 § 6(p)(i)-(iii);

- The Banking Commissioner must transfer a customer's digital assets to a successor custodian or return the assets to a customer in a receivership "as quickly as possible to prevent or minimize disruption to customers." Banking Rules, Ch. 20, § 6(q); and

- Customer claims in a receivership have priority ahead of everyone except for the administrative expenses of the Commissioner. Banking Rules, Ch. 20, § 6(j)(ii).

Together, the State has protections aimed to provide enhanced security of customer fiat currency deposits and digital assets under custody with a SPDI.

**II.     The State, as the administrator of Wyoming's SPDI statutes and regulatory regime, takes issue with the District Court's characterization of Wyoming's statutes and rules, as embodied in District Court's Order below.**

The District Court below denied Custodia's request in part because it foresaw the possibility of "a 'race to the bottom' among states and politicians . . . reducing state chartering burdens through lax legislation, allowing minimally regulated institutions to gain ready access to the central bank's balance sheet and Federal Reserve Services." App. Vol. VII at J.A. 1473. This is, quite simply, a misread of Wyoming's extensive regulations for SPDIs. The State of Wyoming notes that State law imposes requirements, as described above, upon SPDIs—such as a SPDI's obligations to hold unencumbered liquid assets in at least the amount of 100% of their fiat currency deposit liabilities—that together provide other means of oversight and security. Wyo. Stat. Ann. § 13-12-105(a). For example, Wyoming's SPDI Bank regulations ensure that a SPDI Bank's assets "are managed prudently, consistent with safe and sound banking practices, in a manner that [a]ddresses interest rate risk, including repricing, basis, yield curve and option risk; [p]revents mismatching; and [a]ccounts for potential stress scenarios." Banking Rules, Ch. 20 § 9(d)(i)-(iii).The State of Wyoming notes that State law imposes requirements, as described above, upon SPDIs—such as a SPDI's obligations to hold unencumbered liquid assets in at least the amount of 100% of their fiat currency deposit liabilities—that together provide other means of oversight and security. Wyo. Stat. Ann. § 13-12-105(a). For

example, Wyoming's SPDI Bank regulations ensure that a SPDI Bank's assets "are managed prudently, consistent with safe and sound banking practices, in a manner that [a]ddresses interest rate risk, including repricing, basis, yield curve and option risk; [p]revents mismatching; and [a]ccounts for potential stress scenarios." Banking Rules, Ch. 20 § 9(d)(i)-(iii).

Equality between federally-chartered and state-chartered banks is "firmly embedded in the statutes governing the national banking system." *First Nat. Bank in Plant City v. Dickinson*, 396 U.S. 122, 133 (1969). Multiple precedential decisions confirm this stance. *See, e.g.*, *State of Colo. ex rel. Colorado State Banking Bd. v. Resolution Trust Corp.*, 926 F.2d 931, 946 (10th Cir. 1991) (outlining how regulations that "applie[d] equally to both state and national banks" "protect[ed] competitive equality" between them); *State of Colo. ex rel. State Banking Bd. v. First Nat. Bank of Fort Collins*, 540 F.2d 497, 500 (10th Cir. 1976) ("[T]he congressional intent behind the provisions of [the federal branch banking statute] was to place national and state banks on a basis of 'competitive equality[.]'"). Indeed, the principle of regulatory equality is further enhanced by the requirement of 12 U.S.C. § 248a(c)(2) that "[a]ll Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions"—of which class Appellant Custodia is. 12 U.S.C. § 248a(c)(2); 12 U.S.C. § 461(b)(1)(A)(i).

A disregard of Wyoming's right to charter depository institutions in the two-tier banking system appears to be the motivation for this disparate treatment of Wyoming-chartered banks. Indeed, the Appellees appear to have arbitrarily created a distinction between federally regulated and non-federally regulated banks. If that is so, the Appellees have acted outside the parameters of the law.

Importantly, Wyoming SPDI Banks are subject to a range of state-level regulations as outlined under Wyoming statutes. SPDI Banks have attempted to obtain federal regulation—including, in Appellant Custodia's case, by applying for membership in the Federal Reserve—but to no avail. This has created a Kafkaesque situation where a SPDI Bank is denied a master account because it is not federally regulated, even while it is also denied federal regulation. This situation frustrates Wyoming's regulatory scheme and its right to charter state banks.

Accordingly, this case implicates elements of significant public interest relating to the ability of non-federally regulated banks to operate, and of states to administer their own statutory regimes. To any extent the decision to deny Custodia a master account was based on perceived inadequacies in Wyoming's regulatory scheme, it was improper. These overarching concerns should be kept in mind as the Court considers Custodia's appeal.

## CONCLUSION

The State of Wyoming respectfully requests that the Court reverse the trial court's decision below and grant Custodia the relief it seeks on appeal.

Dated this 3rd day of July, 2024.

*/s/ Bridget Hill*
Bridget Hill, Wyo. Bar No. #6-3616
Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841

*/s/ Devin Kenney*
Devin Kenney, Wyo. Bar No. #7-5964
Senior Assistant Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841

*/s/ Karl Anderson*
Karl Anderson, Wyo. Bar No. #6-2807
Supervising Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841
*Attorneys for State of Wyoming*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of compliance with Type-volume Limit, Typeface Requirements, and Type Style Requirements.

1. This document complies with the word limit of Fed. R. App. P. 32(g) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

This document contains 1864 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Size 14 Times New Roman.

Date: this 3rd day of July, 2024.

*/s/ Devin Kenney*
Devin Kenney, Wyo. Bar No. #7-5964
Senior Assistant Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2024, I electronically filed the foregoing with the court's CM/ECF system, which will send notification of such filing to the following:

Joshua P. Chadwick                                    VIA CM/ECF
BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM
20th Street & Constitution Ave. NW
Washington, DC 20551
joshua.p.chadwick@frb.gov

Yvonne F. Mizusawa                                    VIA CM/ECF
Yonatan Gelblum
Katherine Pomeroy
BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM
20th Street and Constitution Ave.
NW
Washington, DC 20551
yvonne.f.mizusawa@frb.gov
yonatan.gelblum@frb.gov
katherine.pomeroy@frb.gov

Jeffrey S. Bucholtz                                   VIA CM/ECF
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
jbucholtz@kslaw.com

Andrew Z. Michaelson                                  VIA CM/ECF
KING & SPALDING LLP
1185 Ave. of the Americas, 34th Fl.
New York, NY 10036
amichaelson@kslaw.com

Billie LM Addleman                                    VIA CM/ECF
Erin E. Berry
HIRST APPLEGATE, LLP
PO Box 1083
Cheyenne, WY 82003
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

Christine M. Carletta                                 VIA CM/ECF
E. Caroline Freeman
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC 20006
ccarletta@kslaw.com
cfreeman@kslaw.com

Jared Lax                                             VIA CM/ECF
KING & SPALDING LLP
1401 Lawrence Street
Suite 1900
Denver, CO 80202
jlax@kslaw.com

Scott E. Ortiz                                        VIA CM/ECF
Williams, Porter, Day & Neville, P.C.
159 No. Wolcott, Suite 400
Casper, WY 82602
sortiz@wpdn.net

Ryan Scarborough                                      VIA CM/ECF
Jamie Wolfe
Williams & Connolly LLP
680 Washington, DC 20024
rscarborough@wc.com
jwolfe@wc.com

Michelle S. Kallen                                    VIA CM/ECF
Ian Heath Gershengorn
Laurel L. Rimon
Emanuel Powell III

Maria La Bella
Jenner & Block LLP
1099 New York Ave, NW, Ste 900
Washington, DC 20001
MKallen@jenner.com
IGershengorn@jenner.com
EPowell@jenner.com
MLaBella@jenner.com

   /s/ Devin Kenney
Devin Kenney, Wyo. Bar No. #7-5964
Senior Assistant Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841